## CITY OF NEW YORK v. FRANK.

(Supreme Court, Appellate Division, Second Department. March 10, 1911.)

WEIGHTS AND MEASURES (§ 12*)—INCORRECT SCALES—ACTION FOR PENALTY—EVIDENCE—SUFFICENCY.

    Evidence *held* insufficient to sustain recovery of a penalty, under New York Code of Ordinances, § 386, for using a scale out of balance.

    [Ed. Note.—For other cases, see Weights and Measures, Dec. Dig. § 12.*]

Appeal from Municipal Court of New York.

Action for a penalty by the City of New York against Julius Frank. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Mark Rudich, for appellant.

Herman Stiefel and Harry S. Sullivan, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a judgment for a penalty of $25, pursuant to section 386 of the Code of Ordinances of the city of New York. That section relates to violations of the provisions of sections 383 and 385 of the Code of Ordinances, which establish the standard of scales and weights to be used in the city of New

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

York by persons, firms, and corporations engaged in buying and selling. The section in question provides as follows:

"If any person shall use, in the city of New York, in weighing or measuring, as aforesaid, any weight, measure, scale beam, patent balance, steelyard or other instrument which shall not conform to such standard, or shall use in weighing aforesaid, any scale beam, patent balance, steelyard or other instrument, which shall be out of order or incorrect, or which shall not balance, he, she or they shall forfeit and pay for every such offence the sum of twenty-five dollars."

The only question presented on the appeal is whether the evidence submitted was sufficient to justify a judgment for the penalty provided by this section. The only evidence given on the trial was that of an inspector of weights and measures for the city of New York. The violation charged in the summons and complaint was stated to have occurred on March 23, 1910, and the evidence given by the inspector was confined to a visit which he stated he made to the defendant's premises on the 28th of March, 1910. He testified that the defendant was then conducting a grocery store, and that he, the witness, found in the back of the store a 30-pound spring balance scale which was one ounce out of balance, and that a one-ounce weight was hanging by the side of the scale. There was another scale in the store, but no evidence was given as to its condition. The scale in question was not in use while the inspector was there, nor did he give any testimony indicating that it had ever been in use. The defendant was present, and his attention was drawn by the inspector to the fact that the scale was out of balance, to which the defendant replied that he always gave good weight.

The respondent's counsel have been unable apparently to find any authority in this state to the effect that this evidence is sufficient to justify a finding that the scale in question had been used by the defendant while it was out of order. Certainly the proof is insufficient to establish such a use five days before the visit of the inspector, or even to establish that the scale on that prior day was out of order. The cases in which the selling of liquor without a license has been held to be sufficiently proven by evidence of the maintenance of a store or bar, with clerks or barkeepers, are distinguishable; and if it was intended by the ordinance that liability should attach to the mere possession of a scale which was out of order or incorrect, no reason can be suggested why the ordinance should not have so stated, instead of confining the liability to the actual use. While the strict rule of evidence applicable to a criminal indictment is not required, the burden, nevertheless, is on the plaintiff, and the proof to establish the violation should preponderate with accuracy and precision.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

JENKS, P. J., and THOMAS and RICH, JJ., concur. CARR, J., concurs in the result.